**SIGNED THIS: December 07, 2010**

_____
            **THOMAS L. PERKINS**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**
_____

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROGER B. HUDSON and ) | |
| GRETCHEN J. HUDSON, ) | Case No.09-81978 |
| Debtors. ) | |
| ) | |
| ) | |
| BLACKHAWK FOUNDRY & ) | |
| MACHINE COMPANY, an Iowa corporation, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. No. 09-8097 |
| ) | |
| ROGER B. HUDSON, ) | |
| Defendant. ) | |

### O P I N I O N

This matter is before the Court after trial on the adversary complaint filed by Blackhawk Foundry & Machine Company, an Iowa Corporation (BLACKHAWK), against the Debtor, Roger B. Hudson (DEBTOR). The complaint asserts alternative causes of action seeking nondischargeability for the same tortious conduct under sections 523(a)(2)(A),

(a)(4), (a)(6) and (a)(7). The DEBTOR admits liability, but disputes the calculation of damages.

The DEBTOR worked for thirty years at BLACKHAWK, most recently as a maintenance supervisor. The DEBTOR admits to systematically stealing, over a period of seven months in late 2008 and early 2009, a large amount of scrap iron from BLACKHAWK, four to five tons at a time, in two pickup trucks, and selling it at a local scrap yard. BLACKHAWK was unaware that the DEBTOR was stealing scrap iron since it was simply heaped into large piles without any system to account for or monitor it, and the removal was accomplished after hours. The DEBTOR was prosecuted and pleaded guilty to the crime of First Degree Theft.

BLACKHAWK is no longer operating, having shut down in 2009. Its former CFO, Jerry Hanson, testified at trial that as best as the company could determine, the DEBTOR removed approximately 1.3 million pounds of scrap iron, much of which would have been melted down and reused. As a result, Hanson said, the company had to purchase additional raw materials to replace the stolen iron.

The proper measure of damages for conversion is the fair market value of the property at the time of the taking. *WSH Properties, L.L.C. v. Daniels*, 761 N.W.2d 45, 52 (Iowa 2008). The DEBTOR concedes to an amount of damages of $112,170.40, the amount stated in the Scott County, Iowa, criminal complaint and affidavit as the total sum received by the DEBTOR upon sale of the iron to the scrap yard. The issue is whether BLACKHAWK proved damages in excess of this amount. The Court determines such proof is lacking.

The major difficulty for BLACKHAWK is that the lack of an inventory control system for the scrap iron makes it impossible to accurately determine just how much iron was stolen. BLACKHAWK estimated its loss for insurance purposes at $562,939.56, based upon an estimated weight of stolen iron of 1,563,721 pounds. This amount is the end result of a series of complicated estimations and assumptions about the total pounds of steel and pig melted, melt loss, and net pounds of returns produced and melted. The poundage figure was then multiplied by an average cost per pound of return resulting from a cost accounting calculation. No other evidence of loss was presented, such as scrap yard scale tickets, for example.

The computation used by BLACKHAWK to support its insurance claim, in the nature of a best estimate, may have been sufficient for insurance purposes, but falls short as proof of its loss for purposes of this nondischargeability proceeding. The computation is too uncertain and speculative to be accepted. BLACKHAWK failed to prove by a preponderance of the evidence the number of pounds of scrap iron taken by the DEBTOR. Accordingly, the amount of the nondischargeable debt will be determined to be $112,170.40.

In its complaint, BLACKHAWK requests an award of interest and costs. Prejudgment interest is presumptively available in cases governed by federal law, including cases under section 523 of the Bankruptcy Code. *In re Glatstian,* 215 B.R. 495, 497 (Bankr.D.N.J. 1997). Prejudgment interest is appropriate when the plaintiff has been wrongfully deprived of its money and is necessary to make the wronged party whole. *Id.*

The rate of prejudgment interest in nondischargeability actions is calculated pursuant to 28 U.S.C. § 1961. *In re Senese,* 245 B.R. 565, 578 (Bankr.N.D.Ill. 2000). The interest accrues from the date of loss. *Glatstian,* 215 B.R. at 498.

BLACKHAWK is entitled to prejudgment interest from June 1, 2009, to the date of judgment, December 7, 2010, at .48 percent in the total amount of $818.69. BLACKHAWK is also entitled to reimbursement of the filing fee of $250.00 paid in this adversary proceeding.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###